124 F.3d 204
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert JENKINS, Petitioner-Appellant,
v.
Daniel R. McBRIDE, Superintendent, Respondent-Appellee.
 No. 97-1068.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 13, 1997.*
Decided Aug. 13, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division.
 
 
 2
 Before COFFEY, FLAUM, and KANNE, Circuit Judge
 
 ORDER
 
 3
 Inmate Robert Jenkins petitioned for a writ of habeas corpus, 28 U.S.C. § 2254, claiming that the prison Conduct Adjustment Board (CAB) denied him due process in his disciplinary proceeding for committing battery on another inmate. The CAB punished Jenkins with the loss of 120 days earned credit time ("good time") and demotion to a lower credit time-earning class. The district court dismissed his habeas corpus petition without a hearing. We affirm.
 
 
 4
 The CAB relied on the written statement of a Sergeant Durfey that he had witnessed Jenkins striking a fellow inmate named Weaver in the face with his closed fist. It also considered and rejected Weaver's statement and Jenkins's live testimony, both denying that the battery had occurred. Jenkins's claim that the disciplinary finding was supported by insufficient evidence fails under the standard of Superintendent v. Hill, 472 U.S. 445, 455 (1985), which provides that "some evidence" supporting the decision satisfies due process. Sweeney v. Parke, 113 F.3d 716, 720 (7th Cir.1997). The CAB's brief but lucid written decision demonstrates some evidence.
 
 
 5
 Jenkins's contention that he was denied his due process right to an impartial tribunal is also unavailing. He says that one of the three CAB hearing officers, Sergeant Newkirk, had a personal animus towards him, and that he had had a "physical and verb[al] confrontation" with Newkirk. He alleges that Newkirk had threatened him in the past, but does not give specifics. Due process entitled Jenkins to impartial hearing officers, see Ramirez v. Turner, 991 F.2d 351, 355 (7th Cir.1993); Redding v. Fairman, 717 F.2d 1105, 1112-13 (7th Cir.1983). We agree with the district court that Jenkins failed to show Newkirk's actual bias, or even any circumstances supporting a significant inference of bias. Vague allegations of past run-ins with a prison hearing officer are insufficient to impugn the officer's presumed impartiality.
 
 
 6
 Jenkins's remaining contentions do not merit separate discussion. The judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)